UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| M.F., | CASE NO. C13-1790JLR |
| Plaintiff, | ORDER APPROVING MINOR SETTLEMENT |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## I.   INTRODUCTION

Before the court is Plaintiffs M.F., a minor, and her parents, Veronica Lara and Herbert Faamausili's motions (1) for and an order approving the settlement herein involving the minor, M.F. (Mot. (Dkt. # 14)), and (2) for sealing Exhibits A, B, and C of the declaration of James L. Holman (Holman Decl. (Dkt. # 15)), which was filed in support of the motion to approve the settlement (Mot. to Seal (Dkt. # 13)).  The court has considered the motions, the responses filed by Defendant United States of America ("the government"), the balance of the record, and the applicable law.  Being fully advised the

ORDER- 1

court GRANTS Plaintiffs' motion to approve the settlement and DENIES Plaintiffs'
motion to seal, but without prejudice to re-filing in a manner that complies with the
court's local rules and meets the standards required in federal court.

## II.    BACKGROUND

Plaintiffs filed their complaint for medical malpractice and loss of consortium on
October 4, 2013.  (*See* Compl. (Dkt. # 1).)  In their complaint, Plaintiffs allege that during
the time that Defendant Cordelia Dickinson, M.D., provided health care to M.F., M.F.
developed a right-eye white reflex, subsequently diagnosed as retinoblastoma.  (*Id.*
¶ 3.4.)  M.F.'s retinoblastoma was initially diagnosed by a different doctor on September
16, 2011.  (*Id.* ¶ 3.5.)  As a result of the diagnosis, M.F. was sent to Children's Hospital,
where M.F.s right eye was removed in surgery and replaced with an orbital implant.  (*See
id.* ¶¶ 3.6-3.8.)  Plaintiffs further allege that if Defendants had met the reasonably prudent
standard of care with respect to their care of M.F., then M.F. would not have lost his eye
and his vision would have been normal.  (*Id.* ¶ 3.9.)  Plaintiffs assert claims of medical
malpractice against Defendants.  (*Id.* ¶¶ 4.1-4.4.)

On January 14, 2015, the parties advised the court that they had reached a
settlement.  (*See* 1/14/15 Dkt. Entry.)  Previously, on January 9, 2015, Plaintiffs filed a
petition for approval of the settlement and settlement trust involving M.F. in Superior
Court for the State of Washington for Pierce County.  (*See* Holman Decl. Ex. C.)  The
Superior Court approved the settlement on January 28, 2015.  (*See id.* Ex. D.)

On January 28, 2015, Plaintiffs filed a motion seeking this court's approval of the
settlement involving the minor, M.F., as well.  (*See generally* Mot.)  Plaintiffs' motion is

1  based on the identical materials that they submitted regarding the settlement to the

2  Superior Court.  (*See generally* Holman Decl. Exs. A-C.)  Plaintiffs also filed their

3  motion to seal the exhibits attached to Mr. Holman's declaration that same day.  (*See*

4  *generally* Mot. to Seal.)  The court now considers both motions.

### III.    ANALYSIS

#### A.  Motion to Seal

7  Plaintiffs' motion to seal Exhibits A-D of Mr. Holman's declaration consists of

8  one sentence asking for order permitting Plaintiffs to file the documents under seal.  (*See*

9  *generally* Mot. to Seal.)  The government's response consists of a single sentence

10 indicating that it does not oppose Plaintiffs' motion to seal.  (*See* Resp. to Mot. to Seal

11 (Dkt. # 16).)

12 Under the court's Local Rules, "[t]here is a strong presumption of public access to

13 the court's files."  Local Rules W.D. Wash. LCR 5(g); *see also Nixon v. Warner*

14 *Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  To rebut this presumption, a party must file a

15 motion that includes "a specific statement of the applicable legal standard and the reasons

16 for keeping a document under seal, with evidentiary support from declarations where

17 necessary."  Local Rules W.D. Wash. LCR 5(g)(3)(B).  Thus, the burden is on the

18 moving party to come forward with an applicable legal standard justifying the sealing of

19 the documents at issue and to produce evidentiary support showing that the standard is

20 met.  *See id.*

21 A party must demonstrate "compelling reasons" to seal judicial records attached to

22 a dispositive motion.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th

Cir. 2006).  A party seeking to seal records in connection with a nondispositive motion, however, must show "good cause" under Federal Rule of Civil Procedure 26(c).  *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").  The "compelling reasons" standard applies to this motion because approval of the minor settlement agreement is dispositive of the proceeding.  *See M.P. ex rel. Provins v. Lowe's Companies, Inc.*, No. 11-cv-01985, 2012 WL 1574801, at *1 (E.D. Cal. May 3, 2012) (holding that the "compelling reasons" standard applies to a motion to seal related to a minor's settlement because an order approving the settlement is dispositive); *see also White v. Sabatino*, No. O4-00500 ACK.LEK, 2007 WL 2750604, at *2 (D. Haw. Sept. 17, 2007) (holding that the "compelling reasons" standard applied to a motion to seal documents related to a motion to set aside a minor's settlement).

Under the "compelling reasons" standard, the party seeking to seal judicial records bears the burden of "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (internal citations and quotation marks omitted).  "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal alterations, quotation marks, and citations omitted).  Then, "if the court decides to seal certain judicial records,

1    it must base its decision on a compelling reason and articulate the factual basis for its

2    ruling, without relying on hypothesis or conjecture." *Id.*

3    　　　　Plaintiffs' motion to seal neither meets nor even recognizes the "compelling

4    reasons" standard or the various procedural requirements contained in Local Rule 5(g)

5    with respect to motions to seal or redact court records.  Certainly some of the information

6    contained in the exhibits at issue should be redacted from any publicly filed document.

7    For example, the court's local rules require parties to "refrain from including, or . . .

8    partially redact where inclusion is necessary" certain personal data identifiers "from all

9    documents filed with the court."  *See* Local Rules W.D. Wash. LCR 5.2(a).  Specifically,

10   under Local Rule LCR 5.2(a), parties must redact dates of birth to the year of birth and

11   the names of minor children to their initials.  *See id.*  Other sensitive financial

12   information contained in the exhibits may warrant redaction under the applicable

13   standard, but Plaintiffs have yet to make this showing or cite to any supporting case law,

14   if any, on the issue.  The court's local rules indicate that a party seeking to file

15   information under seal must "explore redaction and other alternatives" to filing an entire

16   document under seal.  *See* Local Rules W.D. Wash. LCR 5(g)(3)(A).  Indeed, much of

17   the material that Plaintiffs seek to file under seal contains essentially the same

18   information that is contained in their complaint, which is not filed under seal.  (*See*

19   Compl.)  Thus, the court believes that redaction of certain sensitive information that

20

21

22

ORDER- 5

1  meets the "compelling reasons" standard rather than a blanket order sealing the entirety

2  of the exhibits at issue is more likely to be the appropriate approach here.[1]

3          Further, the court notes that the mere fact that the parties' settlement agreement

4  may contain a confidentiality provision, without more, does not constitute good cause, let

5  alone a compelling reason to seal information concerning the settlement agreement's

6  provisions on the court's docket.  *See Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d

7  1122, 1137-38 (9th Cir. 2003) (holding that the existence of a confidentiality provision in

8  a blanket protective order issued by a district court, which the party seeking to file

9  documents under seal had relied upon in consenting to certain discovery requests and in

10  settling a litigation, does not, without more, constitute a compelling reason to seal

11  information on the court docket).  Other district courts in this Circuit have found that the

12  existence of a confidentiality provision is an insufficient interest to overcome the

13  presumption that a court-approved settlement agreement is a judicial record, open to the

14  public.  *See, e.g.*, *M.P. ex rel. Provins v. Lowe's Cos., Inc.*, 2012 WL 1574801, at *2

15  (E.D. Cal. May 3, 2012) (denying a motion to seal the application for approval of a

16  minor's settlement, the order approving the settlement, the record of the hearing on the

17  application, and related documents, except with respect to identifying information as

18  _____

19          [1] Exhibits C and D to Mr. Holman's declaration consist of the petition that Plaintiffs filed
    in state court seeking approval of the minor settlement and trust and the state court's order
20  approving the petition.  (*See* Holman Decl. at 2, Exs. C, D.)  Nothing in these documents or in
    Mr. Holman's declaration indicates that these documents were filed under seal in the state court.
    If these documents were not filed under seal in state court, they should not have been filed under
21  seal in this court either.  If Plaintiffs re-file their motion to seal, they shall provide an explanation
    to this court as to whether these Exhibits C and D were originally filed under seal in state court
22  or not.

ORDER- 6

1    delineated in Fed. R. Civ. P. 5.2 and the court's local rules); *see also Select Portfolio*

2    *Servicing v. Valentino*, No. C 12-0334 SI, 2013 WL 1800039, at *3 (N.D. Cal. Apr. 29,

3    2013) ("That [the parties] agreed among themselves to keep the settlement details private,

4    without more, is no reason to shield the information from . . . the public at large.").

5    Without more information from the parties, however, the court does not decide this issue

6    here.  Indeed, it is unclear to the court if a confidentiality provision in the minor

7    settlement agreement is even the basis for Plaintiffs' request to seal the information

8    contained in the exhibits at issue.  However, in light of the foregoing authorities, the court

9    notes that it seems doubtful that a confidentiality provision within the settlement

10   agreement would be sufficient, standing on its own, to meet the compelling reasons

11   standard for sealing information related to the minor settlement.

12        Based on the foregoing, the court DENIES Plaintiffs' motion to seal Exhibits A-D

13   of Mr. Holman's declaration, but without prejudice to re-filing a motion to seal that

14   conforms to the court's order above, complies with the court's local rules, including the

15   requirement to consider the redaction of sensitive information rather than blanket sealing

16   of the exhibits, and provides the court with a compelling reason to seal the requested

17   information.  Plaintiffs shall re-file their motion to seal within 14 days of the date of this

18   order.  In the meantime, the court DIRECTS the clerk to maintain the seal on Exhibits A-

19   D of Mr. Holman's declaration (Dkt. ## 15-1, 15-2, 15-3, 15-4).  If Plaintiffs do not re-

20

21

22

1  file their motion within 14 days of the date of this order, the court will direct the clerk to

2  lift the seal on the exhibits at issue.[2]

3  ### B.  Motion to Approve Minor Settlement

4       District courts have a special duty, derived from Federal Rule of Civil Procedure

5  17(c), to safeguard the interests of litigants who are minors.  *See Robidoux v. Rosengren*,

6  638 F.3d 1177, 1181 (9th Cir. 2011).  In the context of proposed settlements in suits

7  involving minor plaintiffs, the district court's special duty requires it to "conduct its own

8  inquiry to determine whether the settlement serves the best interests of the minor."  *Id.*

9  (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978) (internal quotation

10  marks omitted)).  Thus, although the court does not ignore the decision of the state court

11  in approving the minor settlement at issue here, the fact that Plaintiffs sought approval of

12  their settlement in state court does not discharge this court's duty to "conduct its own

13  inquiry."  *Id.*

14       In *Robidoux*, the Ninth Circuit provided guidance to a district court considering

15  whether to approve a proposed settlement of federal claims involving minors.  *Id.* at

16  1181.  The Ninth Circuit held that a district court must consider whether the proposed

17  settlement is fair and reasonable as to each minor plaintiff.  *Id.* at 1182.  Where the claims

18  are based on federal law, the district court should limit the scope of its review to the

19  reasonableness of the minor plaintiffs' net recovery in light of the facts and specific

20  claims at issue and recoveries in similar cases.  *Id.* at 1181-82.  The Ninth Circuit held

21  

22      [2] The court will ensure that the full name of the minor plaintiff is redacted in accord with Local Rule LCR 5.2.  *See* Local Rules W.D. Wash. LCR 5.2.

1   that the district court should conduct its inquiry without regard to the amount received by

2   adult co-plaintiffs or the fee they agreed to pay plaintiffs' counsel.  *Id.* at 1182.  In so

3   ruling, the court rejected the "typical practice" of district courts in the Ninth Circuit "to

4   apply state law and local rules governing the award of attorney's fees" in evaluating the

5   reasonableness of a settlement involving a minor plaintiff's federal claims, because that

6   practice "places undue emphasis on the amount of attorney's fees . . . instead of focusing

7   on the net recovery of the minor plaintiffs . . . ."  *See id.* at 1181.

8          The *Robidoux* court, however, expressly limited its ruling to a district court's

9   evaluation of a settlement involving a minor's federal claims.  *Id*. at 1179 n.2 ("Our

10  holding is limited to cases involving the settlement of a minor's federal claims.").  The

11  court did "not express a view on the proper approach for a federal court to use when

12  sitting in diversity and approving the settlement of a minor's state law claims."  *Id*.; *see*

13  *also McCue v. S. Fork Union Sch. Dist.*, No. 1:10-cv-00233-LJO-MJS, 2012 WL

14  2995666, at *2 (E.D. Cal. July 23, 2012) ("*Robidoux* expressly declined to describe the

15  proper approach when approving a [minor's] settlement arising under state law . . . .");

16  *but see Doe ex rel. Scott v. Gill*, Nos. C 11-4759 CW, C 11-5009 CW, C 11-5083 CW,

17  2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012) ("While the Ninth Circuit has not

18  expressed a view as to the proper approach for courts to use when approving settlement

19  of a minor's claims arising under state law, . . . and [this minor plaintiff] brings claims

20  under both federal and state law, the Court applies the same standard to settlement of all

21  of her claims.") (citing *Robidoux*, 638 F.3d at 1179 n.2).  Thus, some courts within the

22  Ninth Circuit have continued to apply state law when evaluating minor settlements

1    arising out of state law claims based on diversity jurisdiction.  *See Primerica Life Ins. Co.*

2    *v. Cassie*, No. CIV. 2:12-1570 WBS GGH, 2013 WL 1705033, at *1 (E.D. Cal. Apr. 19,

3    2013)).

4         Plaintiffs here allege only state law claims based on medical malpractice and loss

5    of consortium.  (*See generally* Compl.)  There are no federal claims before the court.

6    (*See generally id.*)  The jurisdiction of the court, however, is not based on diversity, but

7    rather on 28 U.S.C. § 1346(b)(1) for "civil actions on claims against the United States,

8    for money damages . . . for . . . personal injury . . . caused by the negligent act . . . of any

9    employee of the Government while acting within the scope of his office or employment,

10   under circumstances where the United States, if a private person, would be liable to the

11   claimant in accordance with the law of the place where the act or omission occurred."

12   (Compl. ¶ 2.1 (citing 28 U.S.C. § 1346(b)).)  Thus, this case does not fit neatly within the

13   *Robidoux* court's ruling concerning the evaluation of minor settlements involving federal

14   claims, 638 F.3d at 1181-82, or the *Robidoux* court's carve out for settlements involving

15   state law claims based on diversity jurisdiction, *id.* at at 1179 n.2.

16        A close evaluation of the *Robidoux* court's reasoning, however, provides the court

17   with guidance on whether to apply state law or the standard set forth in *Robidoux* in

18   evaluating the minor settlement here.  In *Robidoux*, the Ninth Circuit expressed concern

19   that the district court's typical practice of applying state law when evaluating minor

20   settlements involving federal claims placed undue emphasis on the amount of attorney's

21   fees awarded.  *See* 638 F.3d at 1181 (stating that the district court's typical practice of

22   applying state law and local rules to evaluate minor settlements involving federal claims

"places undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement").  Here, however, even if the court were inclined to apply state law, which unlike *Robidoux*, requires the court to evaluate the reasonableness of any attorney's fees provided by the settlement,[3] the need for such an evaluation is muted at best.  In an action, such as this one, alleging state law claims against an employee of the federal government, any attorney's fees provided by the settlement are already limited by federal statute to no more than 25% of the settlement amount.  *See* 28 U.S.C. § 2678.  Thus, there is little rationale to depart from the *Robidoux* standard in favor of state law because the amount of attorney's fees is already limited thereby reducing any value in assessing their reasonableness.

The *Robidoux* court was also concerned that the district courts' typical practice of applying state law when evaluating minor settlements involving federal claims provided inconsistent results.  *See* 638 F.3d at 1181-82 ("Inconsistency can be avoided if district courts limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases.").  Although only state law claims are at issue here, the court believes that Ninth Circuit's concern with consistency would apply with respect to the settlement of claims against the federal

---

[3] *See In re Settlement/Guardianship of AGM*, 223 P.3d 1276, 1283 (Wash Ct. App. 2010) ("SPR 98.16W authorizes attorney fees for settlements on behalf of a minor and contemplates the superior court's exercise of discretion over these fees.").

1   government or its employees as well.  For the foregoing reasons, the court declines to

2   apply state law or rules with respect to its evaluation of the minor settlement here, and

3   instead applies the standard articulated by the Ninth Circuit in *Robidoux*.

4        Under *Robidoux*, the court should limit the scope of its review to the

5   reasonableness of the minor plaintiff's net recovery in light of the facts and specific

6   claims at issue and recoveries in similar cases.  638 F.3d at 1181-82.  Based on the

7   court's review of the information contained in the exhibits to Mr. Holman's declaration,

8   the court concludes that the minor settlement herein is reasonable and the court

9   APPROVES it.

10        Unfortunately, as discussed above, Plaintiffs have placed under seal the

11   information that *Robidoux* instructs should form the basis for the court's decision

12   concerning the reasonableness of the minor settlement.  (*See generally* Mot., Mot. to

13   Seal, Homan Decl.)  In order to maintain the seal on the net amount of the settlement that

14   M.F. will receive and the guardian ad litem's evaluation of M.F.'s claims, Plaintiffs must

15   persuade the court that sealing this information somehow meets the compelling reasons

16   standard delineated above.[4]  Otherwise, the court will lift the seal on this information

17   (and any other information contained in the exhibits at issue that does not meet the

18

19

20   _____

21        [4] As stated above, the court recognizes that certain information contained in the guardian ad litem's report must be at least redacted prior to unsealing (*i.e.*, M.F.'s full name, etc.).  *See*

22   *supra* § III.A.

ORDER- 12

1  compelling reasons standard) so that the basis for the court's decision approving the

2  minor settlement will be transparent.[5]

3  ## IV.    CONCLUSION

4       Based on the foregoing analysis, the court GRANTS Plaintiffs' motion for

5  approval of the minor settlement herein (Dkt. # 14).  The court, however, DENIES

6  Plaintiffs' motion to seal (Dkt. # 13), but without prejudice to re-filing in accord with the

7  court's local rules and the directives in this order within 14 days of the date of this order.

8  Finally, the court STRIKES the February 17, 2015, trial date and all other pre-trial

9  deadlines contained in the court's scheduling order (Dkt. # 10).

10      Dated this 12th day of February, 2015.

11

12

13 JAMES L. ROBART
   United States District Judge

14

15

16

17

18

19

20

21 [5] Despite the court's approval of the minor settlement in this matter, counsel for the
22 parties are not discharged from this matter until the issues surrounding the sealing of Exhibits A-
   D to Mr. Holman's declaration have been resolved.

ORDER- 13